IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laura L. Warden<br>Debtor(s)<br><br>U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>Moving Party<br><br>vs.<br><br>Laura L. Warden<br>Debtor<br><br>Wesley A. Retzler<br>Co-Debtor<br><br>Kenneth E. West<br>Trustee | CHAPTER 13<br><br>NO. 24-12011 AMC<br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of April 2, 2025, the post-petition escrow advances on the mortgage held by Movant on the Debtor's residence total **$3,701.86**, which is itemized as follows:

| | |
|---|---|
| Mortgage Insurance: | $57.86 |
| Flood Insurance: | $445.00 |
| School Tax: | $3,199.00 |
| **Total Post-Petition Advances:** | **$3,701.86** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition escrow advances of **$3,701.86**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition escrow advances of **$3,701.86** along with the total debt, which is to be paid in full through the plan.

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. The Debtor shall maintain all taxes and insurance on the mortgage hereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 3, 2025

/s/ Denise Carlon
Denise Carlon, Esq.
Attorney for Movant

Date: May 29, 2025

Jeffrey C. McCullough, Esq.
Attorney for Debtor(s)

Date: May 29, 2025

/s/ Jack K. Miller, Esquire   for
Kenneth E. West
Chapter 13 Trustee
*I have no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this **6th** day of **June**, 2025. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan